SENECA DENNIS, RESPONDENT, *v.* JOHN J. SIPPERLY, APPELLANT.

*Right of way — what, an obstruction of — who responsible for.*

The plaintiff owned a right of way across a farm owned by the defendant. The latter constructed a cider mill abutting upon, and to be reached only from such way. The patrons of the cider mill, with the knowledge and assent of the defendant, stationed their wagons along and across the said way, materially obstructing the same and depriving the plaintiff of his enjoyment and use thereof.

In an action to recover damages therefor, *held*, that defendant was responsible for the obstruction occasioned by his customers, and that plaintiff was entitled to recover.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. This action was commenced in a justice's court, but was removed into the Supreme Court upon a plea of title.

The plaintiff owned a right of way across a farm occupied and owned by the defendant. The defendant erected a cider mill upon his land, abutting and opening upon said way. With the permission of the defendant and as customers of his, persons came to the cider mill for the purpose of making cider, and by his direction and permission wrongfully stationed their wagons, horses and teams across and upon the said way, and kept them standing thereon, thereby obstructing the plaintiff's passage over the same. The referee directed judgment for the plaintiff for six cents damages.

*Martin I. Townsend*, for the appellant.

*Charles E. Patterson*, for the respondent.

BOARDMAN, J. :

It is conceded that plaintiff owned a right of way over the premises in question ; that such right of way was obstructed by men, materials, teams and wagons coming to make cider in the defendant's cider mill abutting upon said way ; that such men, teams, etc., were there by the consent and procurement of the defendant for his advantage and profit ; that plaintiff was prevented from the free use of said way at times by reason of said obstructions ; that defendant knew of such obstructions and consented thereto.   It does not seem important whether the way was public or private.   The plaintiff's right of passage was the same in either case. ' Nor is it material who owned the fee, so long as such ownership is not inconsistent with, and in hostility to the plaintiff's right of way.

It is not deemed necessary to inquire how far the defendant personally directed or sanctioned the placing of horses, wagons, etc., in the way, whereby the obstructions were created.   The defendant by building his cider mill upon this way takes possession of that side of the highway for the pursuit of his business.   In the language of JEWETT, J., in the *People* v. *Cunningham* (1 Den., 534), slightly modified : " By that act the defendant invites those who wish to make cider to come to that place to do it with such vehicles and teams as were used ; and the effect is to obstruct the street in the manner complained of.   This effect was, it seems to me, the probable consequence of the defendant's acts.   The acts of the persons assembling in the street   *   *   *   and conducting   *   *   their teams and wagons in the manner described must be accounted the acts of defendant.   He furnished the occasion and gave out the invitation, and no obstruction of this kind would have taken place or would be likely to take place in that street, if the occasion of the assembling of such persons for the object mentioned was removed."   That case arose in the city of Brooklyn where the necessity, so to speak, of occupying the highway was much greater than in a farming locality where abundant

room could have been taken out of defendant's farm for the standing room of teams, wagons and materials. The language of Judge JEWETT is, therefore, much stronger when applied to this case, and would leave no doubt that the occupation of this way, in the manner and for the length of time described by the various witnesses, was in violation of plaintiff's rights, and furnished a good ground for his recovery.

In accordance with these views the referee has found all of the facts heretofore enumerated as conceded, and in addition thereto that such obstructions existed, with the permission and direction of the defendant, given to his customers coming to his cider mill for the purpose of making cider. Such finding, as we have seen, is believed to be justified and supported by the evidence in this case. The plaintiff suffered inconvenience and loss of time by such obstructions. It would follow that he is entitled to the nominal damages given him.

If, however, we were driven to consider whether the defendant personally directed and permitted the acts complained of, we think the evidence sufficient to establish that fact. The cider mill was his. He furnished no place other than the road for teams, wagons, etc. He knew the business rendered their presence and use necessary. The place was near his house. He knew what was being done, and was in and around the mill "bossing it," as one of the witnesses says. It became thus his personal act. It cannot be that a person, for his own convenience and profit, can thus be permitted to obstruct the road for an unreasonable time or in an unreasonable manner.

Upon a review of the whole case we think the judgment should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed with costs.